RECEIVED
JUN 24 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

R. BROOK STOUTENBURGH and PATRICIA STOUTENBURGH,

Plaintiffs,

v.

GRAND BANKS YACHTS, LTD. and EAST COAST YACHT SALES, INC.,

Defendants.

C.A. No. 04-0441/S

STIPULATION AND PROTECTIVE ORDER
CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS

IT IS HEREBY STIPULATED AND ORDERED, that to protect the legitimate interests of the parties and other persons (including non-parties) in maintaining the confidentiality of certain sensitive or proprietary information that may be disclosed during the course of this action, the undersigned parties agree and this Court (the "Court") orders as follows:

1. Designation of Material as Confidential. Any party to the above-captioned action or other person or entity (including non-party responding to a subpoena from a party) that provides discovery materials or information (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition, through voluntary disclosure or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)") may designate such Materials as "Confidential." A designation of Confidential shall constitute a representation by the party or person or entity and its counsel that they, in good faith, believe that the material so designated contains or

constitutes: trade secrets, confidential research and/or confidential commercial information. Any party to the above-captioned action may designate as Confidential any Materials produced by any non-party in accordance with the requirements of this paragraph 1, if the Materials are reasonably believed to contain material which is Confidential to the designating party.

2. Information Not Confidential. Information shall not be designated as Confidential if (a) it is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of terms of this Stipulation and Protective Order or other obligation of confidentiality; or (b) it is acquired from a non-party in lawful possession of such information and under no obligation to the owner or the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order.

3. Designation of Documents And Other Material as Confidential. Documents, portions of documents, affidavits, answers to interrogatories, responses to requests for admissions and other Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Material as Confidential. Each page of Materials containing Confidential information shall be separately designated and stamped or otherwise marked. Documents need not be designated Confidential at the time they are made available for inspection but may be so designated at the time copies are produced.

4. Designation of Deposition Testimony as Confidential. Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten business days after actual receipt of the deposition transcript by counsel for the designating party or person. The reporter shall also be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney). Upon expiration of such ten (10) day period, all portions of the transcript which shall

not have been designated Confidential, subject to paragraph 5 below, shall be deemed not to be protected from disclosure by this Stipulation and Protective Order.

5. Subsequent Designation of Materials As Confidential. Any Material that is produced without being designated Confidential may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such material. Disclosure of such material prior to its designation as Confidential shall not violate the terms of this Stipulation and Protective Order, provided, however, that where Material is subsequently designated as Confidential, the non-designating parties shall use their best efforts to retrieve such Material from persons no longer entitled to disclosure of such Materials (if any) and prevent further disclosures except as authorized in this Stipulation and Protective Order.

6. Use of Confidential Material. Confidential Material shall be used by the non-designating party or person only in preparation for and conduct of this action (including, but not limited to use in briefs, memoranda, amended pleadings, correspondence and other documents relating thereto) and shall not be used for any other purpose except upon the prior written consent of the designating party or person or upon prior order of the Court. Nothing in this Stipulation and Protective Order shall prevent any party or person from using or disclosing its own Confidential Material as it deems appropriate. Notwithstanding anything in this Stipulation and Protective Order to the contrary, the designation of material as Confidential shall not prevent a party from a) taking discovery from any entity or individual identified in such material, so long as written notice of a party's intent to contact such entity or individual is provided to the designating party at least ten (10) days prior to such initial contact, or b) bringing an action or otherwise pursuing its rights against any entity or individual identified in such material in the event that a party believes, based upon a review of the material, that such individual or entity has

violated its rights in a manner related to the allegations in the pleadings herein. In the event such an action is commenced, the Confidential Material may only be utilized to such an extent reasonably necessary to prosecute such action and the party seeking to use the Confidential Material in such action shall in good faith seek a protective order in such other action in order to provide protection similar to that provided in this Protective Order to the disclosure and use of the Material in such other action.

7. Restrictions on the Disclosure of Material Designated as Confidential. Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

(a) outside counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b) those persons who are either a party, officer, employee, and/or agent of a party that are reasonably necessary to assist counsel in the conduct of this action;

(c) independent experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action;

(d) any person, not a party, who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action;

(e) the Court and other courts (including court staff and jurors); and

(f) court reporters, deposition transcript reporters and videographers.

Prior to the disclosure of Material which has been designated Confidential to those persons or entities authorized under paragraphs 7(b), (c) and (d) of this Order to receive such Material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

8. Protection of Confidential Information. No information designated as Confidential may be disclosed to any person or entity other than those expressly identified above, except with the prior written consent of the producing party. In the event that information designated as Confidential is disclosed orally (e.g., at a deposition, hearing or trial), the disclosing party shall have the right to exclude from attendance at said deposition, hearing or trial any person other than the deponent and those persons identified in paragraph 7 above (with respect to information designated as Confidential.)

9. Resolution of Challenges to Designations. Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular Material which has been designated Confidential contains or reflects proprietary or sensitive commercial or personal information or other confidential matter or confidential and/or proprietary information; (b) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as Confidential need not be treated as Confidential; (c) prejudice in any way the rights of any

producing party or person to object to any discovery requests that seek information or documents that it considers not properly subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than five (5) business days' written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential and are entitled to such protection. Any document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved.

10. Filing of Confidential Material Under Seal. In the event any Material designated Confidential is to be included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is to be filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party proposing to file such Material shall give notice to the disclosing party and shall reasonably cooperate with the

disclosing party in filing a motion to seal such Material in accordance with Amended General Order #2002-01, and obtaining an order to seal, before such Material is filed.

When a party wishes to include in a filing a writing containing information that has been designated Confidential, but the confidential information contained in such writing is not relevant to the purpose for which the filing is being made, the party including such writing in a filing may, in lieu of the procedures set forth above, file a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation **"CONFIDENTIAL INFORMATION REDACTED"** or similar designation in the place(s) on the writing where the confidential information would have appeared.

11. Copying. Written materials containing information designated as Confidential may only be copied by the receiving party as follows:

(a) Copying of Materials containing information designated as Confidential must be done by:

i. counsel for the receiving party;

ii. persons employed by such counsel and under such counsel's supervision and control; or

iii. an outside copying service engaged by counsel, with the copies made delivered directly to counsel.

(b) The number of copies that may be made of Materials containing information designated as Confidential shall be limited to those reasonably necessary for use by counsel and persons authorized to receive copies hereunder. Only one (1) copy of Materials designated Confidential, may be provided to each person referenced in paragraph 7(b) above (*i.e.*, a designated party or employee of a party), who shall not make or permit to be made any additional copies.

12. Receipt of Subpoena. If any party (the "Responding Party") in possession of Material designated Confidential under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such Confidential Material, the Responding Party shall give prompt written notice within two (2) business days to counsel for the party or person who designated the Materials Confidential, and shall enclose a copy of the subpoena. Where possible at least ten (10) business days' notice before the production or other disclosure should be given. Upon providing proper notification, either party may object to the requested disclosure on the ground of confidentiality or otherwise. If the party objecting to the requested disclosure is not the Responding Party, then the other party may intervene in the proceeding and register its objection and the Responding Party shall withhold production pending the results of such objection. All expenses related to such objection shall be incurred by the objecting party.

13. Return of Confidential Material Upon Termination of This Action. Within 30 days after the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any Material designated Confidential and any copies thereof shall be returned to the designating party or person (except that counsel to the parties may retain copies of pleadings, correspondence and work product notwithstanding the fact that such materials may contain information based upon, or derived from, Confidential Materials); in lieu of having such Material returned, the designating party or person may elect to permit the receiving parties to destroy such Material, in which event the receiving parties shall certify in writing that all such Material has been destroyed within 30 days after the final conclusion of this action (including any appeals). The Court shall retain jurisdiction to enforce this Stipulation and Protective Order after the conclusion of this action.

14. Further Protection or Relief from this Order. Nothing contained in this Order shall be deemed to preclude any party at any time (a) from seeking and obtaining from the

opposing party or the Court, on appropriate showing, a further protective order relating to (i) material designated Confidential, (ii) material which may not fall within the definitions of Confidential Material, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision or modification of the terms of this Order.

15. Court Approval. The parties agree forthwith to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

16. Inadvertent Production. Any inadvertent production of documents or other material containing privileged information ("Inadvertently Produced Privileged Document") shall not be deemed to be a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any Inadvertently Produced Privileged Document pursuant to the following protocol:

(a) the producing Party may, at any time before the commencement of the trial, but in no event later than fifteen (15) calendar days after the document is first marked as a deposition exhibit or identified as a potential trial exhibit, request the return of the Inadvertently Produced Document. Such a request must be made in writing and must identify the basis for the privilege claimed.

(b) If the Party that received the Inadvertently Produced Document agrees that it is privileged or protected (without regard to the fact that it was in fact produced voluntarily, if inadvertently), then, where reasonable and at the other Party's expense, the Inadvertently

Produced Document and all copies shall promptly be returned to the producing Party or destroyed, and no reference to such document shall be made in any way during the course of this litigation and any appeal.

(c) If the Party that received the Inadvertently Produced Document does not agree that such document is privileged, produced inadvertently, or otherwise protected from disclosure, then it shall promptly notify the producing Party in writing so that the producing Party may seek an appropriate protective order. If the producing Party notifies the receiving Party of its intent to move for such a protective order, the Party that received the Inadvertently Produced Document shall not make any use of such disputed document, including, without limitation, the use of that document as a deposition exhibit, trial exhibit, or evidence in support of a pleading, brief, motion or other filing, until the issue of privilege is resolved.

17. This Protective Order shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

Dated: 6/20/2005

Lawrence F. Anito, Esq.
Galina German, Esq.
DEGRAFF FOY HOLT-HARRIS KUNZ & DEVINE, LLP
Attorneys for Plaintiffs
90 State Street
Albany, NY 12207
Phone: 518-462-5300
Fax: 518-436-0210

Dated: 6/24/05

Daniel P. McKiernan
LAW OFFICE OF DANIEL P. MCKIERNAN
Attorneys for Plaintiffs
146 Westminster Street, Suite 401
Providence, RI 02903
Phone: (401) 223-1400
Fax: (401) 223-1401

Dated: 6/16/05

[signature]
Richard W. MacAdams
Maurene Souza
MACADAMS & WIECK INC.
Attorneys for East Coast Yacht Sales, Inc.
101 Dyer Street, Suite 400
Providence, RI 02903-3908
Phone: (401) 454-8700
Fax: (401) 454-8755

Dated: ______________________

______________________
Brooks R. Magratten, No. 3585
VETTER & WHITE
Attorneys for Grand Banks Yachts, Ltd.
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

Dated: ______________________

______________________
Stephen P. VanDerhoef, Esq.
Diana Shukis, Esq.
CAIRNCROSS & HEMPELMANN, PS
Attorneys for Grand Banks Yachts, Ltd.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Phone: (206) 587-0700
Fax: (206) 587-2308

IT IS ORDERED:

Dated: ______________________

______________________
United States District Judge

{00306974.DOC;3}

Dated: ____________________

____________________
Richard W. MacAdams
Maurene Souza
MACADAMS & WIECK INC.
Attorneys for East Coast Yacht Sales, Inc.
101 Dyer Street, Suite 400
Providence, RI 02903-3908
Phone: (401) 454-8700
Fax: (401) 454-8755

Dated: 6/21/05

____________________
Brooks R. Magratten, No. 3585
VETTER & WHITE
Attorneys for Grand Banks Yachts, Ltd.
20 Washington Place
Providence, Rhode Island 02903
Phone: (401) 421-3060
Fax: (401) 272-6803

Dated: 6/15/05

____________________
Stephen P. VanDerhoef, Esq.
Diana Shukis, Esq.
CAIRNCROSS & HEMPELMANN, PS
Attorneys for Grand Banks Yachts, Ltd.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Phone: (206) 587-0700
Fax: (206) 587-2308

IT IS ORDERED:

Dated: ____________________

____________________
United States District Judge
6/29/05

{00306974.DOC;3}

EXHIBIT A

I, ___________________________, have read and agree to abide by the terms of the Stipulation and Protective Order Concerning Confidentiality of Discovery Materials entered by U.S. District Judge William E. Smith on ___________________ in U.S. District Court of Rhode Island, Case No. 04-0441/S, captioned Stoutenburgh v. Grand Banks Yachts, Ltd. and East Coast Yacht Sales, Inc..

Dated: ________________________

____________________________________
Printed Name:________________________
Company:___________________________

CERTIFICATE OF SERVICE

To:

Daniel P. McKiernan, Esq.
146 Westminster Street, Suite 401
Providence, RI 02903

Richard MacAdams, Esq.
MacAdams & Wieck
101 Dyer Street
Providence, RI 02903

Galina German, Esq.
DeGraff Foy Kunz & Devine LLP
90 State Street
Albany, NY 12207

I hereby certify that I served on the above-named counsel of record a copy of the within Stipulation and Protective Order Concerning Confidentiality of Discovery Materials by first class mail, postage prepaid, on the 24th day of June, 2005.

Melanie Gaitto